IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JERRY ERNEST LOPEZ,<br>Plaintiff,<br><br>v.<br><br>SUNSET CITY *et al*.,<br>Defendants. | **MEMORANDUM DECISION<br>AND ORDER**<br><br>Case No. 1:24-cv-137-HCN<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

Plaintiff Jerry Ernest Lopez, then an inmate at Utah State Correctional Facility, brought this *pro se* civil rights action under 42 U.S.C. § 1983 on August 14, 2024. *See* Dkt. No. 1. On June 3, 2025, having noticed that Mr. Lopez's address appeared to have changed to a private residence, the court ordered Mr. Lopez to either "(a) verify in a letter to the court that he is still a prisoner, and if he is, provide the location where he is incarcerated; or (b) file a renewed application for leave to proceed *in forma pauperis*, reflecting non-prisoner status." Dkt. No. 12 at 2. After Mr. Lopez failed to do so for almost two months, the court entered an order on July 25, 2025, ordering him to show cause, "[n]o later than August 25, 2025," why this action should not be dismissed for failure to comply with the court's order to either update his incarceration status or file a renewed application to proceed *in forma pauperis*. *See* Dkt. No. 16. Mr. Lopez did not respond to this order. Indeed, Mr. Lopez has not made any filings or otherwise communicated with the court in over six months.

Under Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any

claim against it." "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders." *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003). Courts also have inherent authority to clear their "calendars of cases that have remained dormant because of the inaction or dilatoriness of [a] part[y] seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962). Dismissal for failure to prosecute is the "standard" way to clear "deadwood from the courts' calendars" resulting from a plaintiff's "prolonged and unexcused delay." *Bills v. United States*, 857 F.2d 1404, 1405 (10th Cir. 1988).

This court's local civil rules thus provide that "[t]he court may issue at any time an order to show cause why a case should not be dismissed for lack of prosecution" and "[i]f good cause is not shown within the time prescribed by the order to show cause, the court may enter an order of dismissal with or without prejudice, as the court deems proper." DUCivR 41-2. Where dismissal is without prejudice, "a district court may, without abusing its discretion, enter such an

order without attention to any particular procedures." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1162 (10th Cir. 2007).[1]

The court finds that Mr. Lopez has failed to prosecute this action, comply with this court's orders, or show good cause why this action should not be dismissed. The court accordingly dismisses Mr. Lopez's action pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 41-2. In the interest of justice, dismissal is without prejudice.

IT IS SO ORDERED.

DATED this 17th day of September, 2025.

BY THE COURT:

_____
Howard C. Nielson, Jr.
United States District Judge

---

[1] When dismissal is with prejudice—either by its terms or in effect—the court must consider "(1) the degree of actual prejudice to Plaintiff"; (2) "the amount of interference with the judicial process"; (3) the litigant's culpability; (4) whether the court warned the noncomplying litigant that dismissal of the action was a likely sanction; and (5) "the efficacy of lesser sanctions." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (internal quotation marks omitted). Although, in the interests of justice, the court is dismissing the action without prejudice, the court believes the *Ehrenhaus* factors would support dismissal with prejudice given that despite showing the ability to file a complaint and initiate this action, Mr. Lopez has failed to update his status and to comply with court's order to show cause, that more than three months have passed since the court first ordered Mr. Lopez to update his information, and that the court expressly warned Mr. Lopez that it would dismiss this action if he did not file an update or comply with court orders.